## 32358. SULLENS v. THE STATE.

JORDAN, Justice.

Coy Michael Sullens was indicted along with two others for the murder of Colie Brown. In a separate trial he was convicted, sentenced to life imprisonment and appeals.

1. Appellant first enumerates as error the trial court's refusal to strike for cause jurors Hulsey, Edwards, Laws and Young. The trial record shows that jurors Hulsey and Edwards were struck by the court for cause. The record also shows that no motion was made to strike juror Laws for cause, resulting in the waiver of this objection.

Juror Young stated that he had formed an "inclination" about the case. In response to further questioning from the court, Young stated that he would base his opinion on the evidence and the court's charge, and that he would not be influenced by what he had read prior to the trial. The appellant then struck the juror from the list.

In order to disqualify a juror for cause, it must be established that the juror's opinion is so "fixed and

definite that it would not be changed by the evidence or charge of the court upon the trial of the case." *Tennon v. State,* 235 Ga. 594, 596 (220 SE2d 914) (1975). Juror Young stated that he had not formed such an opinion, and the trial court correctly refused to strike him for cause.

2. Appellant next alleges the improper introduction of hearsay statements made by the appellant and one of his co-indictees, Larry Looney. While Wilma Burnett was testifying, appellant's attorney objected to the admission of these statements on the ground that the state had not produced evidence of a conspiracy. This objection was sustained. However, in his cross examination of Mrs. Burnett, appellant's attorney specifically asked if Looney admitted shooting Colie Brown. The trial court warned appellant's attorney that he was entering an area which he had himself objected to and the court had sustained. Appellant's attorney nevertheless proceeded to elicit the testimony regarding Looney's statements.

Having elicited the objected-to testimony after the court's warning, appellant cannot now complain for it was he who introduced them into evidence, and self-induced error is not grounds for reversal. *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975).

3. In reviewing the overruling of a motion for a directed verdict, the proper standard of review is the "any evidence" test. *Mitchell v. State,* 236 Ga. 251 (223 SE2d 650) (1976). The evidence shows that appellant was present at the scene of the murder; that he disposed of the murder weapon upon request of one of his co-indictees; that he lied to police and concealed the fact that a murder was committed. There was ample evidence to support the verdict and appellant's motion for a directed verdict was properly overruled.

4. Appellant next alleges that the trial court erred in failing to charge on conspiracy corroboration and accomplices.

Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error. *Leutner v. State,* 235 Ga. 77 (5) (218 SE2d 820) (1975); *McClendon v. State,* 231 Ga. 47 (199 SE2d 904) (1973). The record demonstrates that the trial court did charge on

the principle of conspiracy and the principles relating to accomplices in his charge on parties to a crime.

No statements by any co-defendants were introduced by the state into evidence. Appellant was linked to the murder by his own admissions and by testimony of other witnesses. Since the statements of a co-conspirator were not used to identify appellant as participating in the murder, there was no evidence to support a charge on the corroboration of an accomplice's testimony.

5. Appellant's final enumerations of error contend that the court's instructions on parties to a crime and the voluntariness of the accused's statement were both misleading and confusing.

The court's charge on parties to a crime was an exact quotation of Code §§ 26-801 and 26-802. In the absence of a request for a further charge, a charge substantially in the language of the Code is correct. *Smith v. Smith,* 222 Ga. 694 (152 SE2d 560) (1966); *Washington v. State,* 136 Ga. 66 (70 SE 797) (1911).

There is no necessity for the court to charge on the voluntariness of a confession unless there is a request for it. *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974). Appellant made no request that the court charge on the voluntariness of appellant's statement; however, the court gave a detailed charge on the duty of the jury to determine from the facts whether the statement was freely and voluntarily given.

*Judgment affirmed. All the Justices concur.*

Submitted June 3, 1977 — Decided September 7, 1977 — Rehearing denied September 28, 1977.

*John N. Crudup,* for appellant.

*Jeff Wayne, District Attorney, James H. Whitmer, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.