## 59305. HUDGINS v. THE STATE.

DEEN, Chief Judge.

Randy Hudgins brings this second appeal following his conviction for burglary on April 10, 1979. (For his other appeal, see 153 Ga. App. 601 (1980), ante.)

1. As the trial court held a Jackson-Denno hearing and found that the defendant's statements were freely and voluntarily given and its finding is amply supported by the evidence, this enumeration is without merit. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

2. Defendant also contends that the trial court failed to prove the corpus delicti of burglary because the stolen items were not introduced into evidence against him. The defendant confessed the burglary to a police officer and gave him a list of the stolen items and where they could be located. The officer testified that he recovered all of the items from pawn shops where the defendant said they would be located and the victim testified that he received his property back from the police. Testimony that items recovered by the police were owned by the resident of the burglarized house as charged in the indictment along with the defendant's confession and instructions as to how the goods could be located is sufficient proof of corpus delicti of burglary. *Jacobs v. State,* 133 Ga. App. 812 (212 SE2d 468) (1975).

3. The state did not improperly put appellant's character into evidence or solicit evidence of unrelated crimes. He was asked if they brought him to the jail and he replied that the officer and his probation officer took him to Mount Zion. "Q What did you go out to Mount Zion for? A Fifth Amendment." This testimony shows that the question was never answered and the line of questioning was not pursued. As to subsequent statements, the defendant was asked why he had broken up with his girlfriend. He replied, "I got 17 years so far . . . I am in jail." This reply opened the door for all evidence bearing on his character. *Hinton v. State,* 138 Ga. App. 702 (227 SE2d 474) (1976). No evidence of other crimes, however, was admitted.

4. The court did not err in allowing a witness whose name did not appear on the witness list to testify solely for

the purpose of rebuttal. *Nunnally v. State,* 235 Ga. 693 (221 SE2d 547) (1975).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED FEBRUARY 26, 1980.

*Charles H. Lumpkin, Jr.,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.