## 59052. HUDGINS v. THE STATE.

DEEN, Chief Judge.

Randy Hudgins brings this appeal following his conviction for burglary on April 9, 1979. (For his other appeal see 153 Ga. App. 603 (1980), post.)

1. The trial court did not err in allowing into evidence statements made by the defendant after holding a Jackson-Denno hearing and finding that the statements were freely and voluntarily made. As this ruling is well supported by the evidence, it will not be disturbed on appeal. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

2. The evidence was not insufficient as a matter of law. The defendant's brother testified that he and the defendant committed the burglary and that the defendant disposed of the stolen items. His testimony was corroborated by another witness who testified that he purchased a watch, identified as the one taken in the burglary, from the defendant for fifteen dollars. This

evidence was sufficient to corroborate the accomplice's testimony and authorize a conviction for burglary. *Rowland v. State,* 141 Ga. App. 643 (234 SE2d 183) (1977).

3. The defendant's claim that he was asleep in his car at the time the burglary was committed is insufficient to meet the standards for an alibi as set forth in Code Ann. § 38-122 as there was no evidence that it was impossible for the defendant to be present at the time the burglary was committed. Indeed, his alibi witness testified that he participated in the burglary. The trial court therefore did not err in failing to charge on alibi in the absence of a timely written request. *Abner v. State,* 139 Ga. App. 600 (229 SE2d 83) (1976).

4. The trial court did not err in admitting into evidence testimony of flight by a defendant while he is awaiting trial or in charging the jury on flight. Such evidence is admissible as tending to establish guilt and a flight from jail some three and a half months after the offense was committed is not considered to be too remote to be admissible. *Carver v. State,* 137 Ga. App. 240 (223 SE2d 275) (1976). Here, the flight occurred approximately one month after the defendant's arrest and over six months after the burglary. The duration of the time between the burglary and the escape does not cause the evidence of the escape to be inadmissible. *Carver,* supra, at 242, holds that "it would be a factor to be weighed by the jury, along with the other circumstances surrounding the flight, to determine if the flight was due to a sense of guilt or some other reason."

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED FEBRUARY 26, 1980.

*Charles H. Lumpkin, Jr.,* for appellant.
*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.