## 38918. SELLERS v. THE STATE.

JORDAN, Chief Justice.

Billy Laymon Sellers was convicted in Catoosa County for the murder of Aurilse Reece Moore, and was sentenced to life imprisonment. He appeals, contending that the state failed to prove each element of the offense beyond a reasonable doubt, that evidence of flight erroneously was admitted before the jury, and that the court should have charged his written request regarding reasonable doubt.

1. The jury heard evidence from which any rational trier of fact could have found the following beyond a reasonable doubt: Sellers and his son-in-law, Curtis Melvin Hodges, had consumed several six-packs of beer before driving from Catoosa County to a house of prostitution in Chattanooga, Tennessee, where Sellers fell asleep on a couch while Hodges went into a back room with one of the women. Sellers' son, Robert Ray Sellers, remained outside in the automobile.

Several more beers were purchased on the way back to Catoosa County, where Hodges got his .22 caliber rifle after Sellers and Hodges discovered their money was missing, and where the nearly constant consumption of the beer continued unabated. During the course of the evening, Sellers, by his own estimates, drank between a case and a case and a half of beer.

Sellers and Hodges drove back to the house of prostitution that night, found the victim, accused him of having taken their money, and forced him into their automobile for an early morning drive around Chattanooga, then into Catoosa County, where, after a visit with Sellers' uncle, the victim was driven to a creek bank and shot five to six times in the back of the head by Hodges using the .22 rifle. Sellers remained in the automobile. The victim's blood alcohol level indicated he was drunk at the time of death.

Although the death weapon never was found, empty cartridge cases found at the scene bore firing marks indicating to the state's ballistic expert that they had been fired in the same .22 rifle as a cartridge case found in the automobile in which the second trip to Chattanooga had been made, and live rounds from the automobile matched as to manufacturer's brand with bullet fragments removed from the victim.

Hodges was subpoenaed by the state but could not be located and did not testify.

This evidence is sufficient to sustain Sellers' conviction for malice murder under the current legal standard. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sellers was admitted to bond pending trial. He twice was arrested on bench warrants when he failed to appear for terms of court. He once was permitted to leave the county jail on furlough to go home for dinner, and was arrested when he did not return.

Evidence of these flight episodes was admitted before the jury. Sellers contends that these facts may prove faulty procedures for holding prisoners pending trial but do not tend to prove guilty consciousness on his part. The evidence was admissible. Whether flight had occurred because of guilty consciousness or for some other reason was properly left to the jury. *Hudgins v. State,* 153 Ga. App. 601 (4) (266 SE2d 283) (1980).

3. The failure of the trial court to charge the exact language of Sellers' request to charge the law of reasonable doubt was not cause for reversal because the charge given covered the substance of the request. *Waters v. State,* 248 Ga. 355, 366 (6) (283 SE2d 238) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982 —
REHEARING DENIED OCTOBER 19, 1982.

*Nelson C. Jarnagin,* for appellant.

*David L. Lomenick, Jr., District Attorney, Roland Enloe, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.