## 66878. GRIFFIN v. THE STATE.

BIRDSONG, Judge.

Gregory A. Griffin was convicted of assault aggravated by an intent to commit robbery and criminal attempt to commit robbery. He was sentenced to serve ten years on the aggravated assault and five years consecutive to serve on the criminal attempt. He brings this appeal enumerating six alleged errors. *Held:*

1. The evidence shows that an eyewitness who personally knew Griffin observed Griffin enter a convenience store and, while the manager's back was turned, strike the manager several times on the head with an unidentified object causing her to fall to the floor. Griffin was seen trying to operate the cash register but the evidence discloses that he was wholly unsuccessful in that attempt. On his way out of the store, there is evidence that Griffin once again struck the manager in the area of the head but this time actually struck her

hand, breaking her watch, and causing a serious cut on the hand requiring eight stitches. Other witnesses placed Griffin in the store immediately before the attempted robbery and described him as wearing clothing identical in description to that portrayed by the manager as being worn by her assailant. At some time after the attempted robbery, Griffin was shown to have tried to convince a witness to testify that he (Griffin) was not in the store and that he (Griffin) thought he could beat the "rap."

Griffin argues in one enumeration of error that the evidence shows at most an act directed against a convenience store and its contents and not against an individual and thus the evidence does not support the findings of guilt. However, the indictment clearly accuses Griffin of attempting to commit a forcible theft from the presence of a named person, the manager of the store. Robbery is a crime against possession and is not affected by concepts of ownership. The charge alleged an attempt of forcible taking from the person of the manager. That is what the evidence shows. It follows that the evidence supports the attempted robbery and aggravated assault against the named person, an employee of the actual owner of the premises and the money or other valuables. *Creecy v. State,* 235 Ga. 542, 543-544 (5) (221 SE2d 17). Under the evidence adduced by the state, we conclude that any rational trier of fact would have been satisfied beyond reasonable doubt of the guilt of the accused of the crimes charged. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration lacks merit.

2. Appellant contends that the trial court erred in allowing the state to introduce an alleged custodial statement uttered by the defendant to a state's witness other than a law enforcement officer when such statement had not been delivered to the defendant at least ten days before trial as demanded under the authority of OCGA § 17-7-210 (Code Ann. § 27-1302).

We do not find support for this enumeration in this record. Appellant filed a demand for copies of scientific reports at least ten days before trial; however, this demand did not specify the delivery of statements made by the appellant during the investigation and prior to trial. Likewise, appellant filed a notice to produce all evidence seized from defendant. Inasmuch as there is no contention that this portuning by Griffin to his friend was involuntary, a part of the state's investigation, or in any way "seized" from the defendant, this notice to produce likewise did not reach information contained in the statement of witness. Neither in the demand for scientific evidence nor in the notice to produce did the appellant make reference to a Brady motion or to statements made by the accused, nor to OCGA §§ 17-7-210 (Code Ann. § 27-1302) or 17-7-211 (Code Ann. § 27-1303).

See *McCarty v. State,* 249 Ga. 618, 620 (292 SE2d 700).

OCGA § 17-7-211 (Code Ann. § 27-1303) places a burden on the state to provide scientific reports to the defense sometime prior to ten days before trial. However, neither a generalized notice to produce statements seized from the defendant nor a demand for scientific reports would authorize the defendant to peruse at will the prosecutor's files to ascertain if there are any witness statements which might refer to the defendant or admissions made by the defendant to that witness. *Holton v. State,* 243 Ga. 312, 316 (253 SE2d 736); *Stanley v. State,* 153 Ga. App. 42, 43-44 (2) (264 SE2d 533). See also *State v. Meminger,* 249 Ga. 561 (292 SE2d 681). We find no error in the admission of this conversation by the appellant with a friend after the commission of the crime but before trial.

3. Griffin urges error in the charge of the court wherein the court charged that an assault may be aggravated by the intent to commit murder, rape, or robbery where there was no evidence or charge that appellant intended to commit either murder or rape, i.e., Griffin argues the charge was overly broad.

The charge given by the court was given in the language of the applicable statute. Even though not every phrase and portion of the applicable code section is wholly pertinent, it is generally held that a new trial will not be granted if the court gave in charge an entire statute or code provision where a part thereof is applicable even though another part may be inapplicable under the facts in evidence. *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494); *Harrison v. State,* 138 Ga. App. 419, 420 (226 SE2d 480). In the absence of a request for a further charge, a charge in the language of the code is correct. *Sullens v. State,* 239 Ga. 766, 768 (5) (238 SE2d 864).

4. We experience serious difficulty, however, with appellant's first three enumerations of error. In substance Griffin contends that the state affirmatively elected to charge him with an assault aggravated by the intent to rob, that intent being manifested by striking his victim in the head while attempting to commit a robbery. In the second charge, the state sought to prove a criminal attempt to commit a robbery by striking his victim in the head and seeking to open a cash register to steal its contents, i.e., to commit a robbery. Griffin persuasively argues that under the charges and evidence adduced, the two charges merged. Therefore, he argues the trial court erred in allowing the conviction of two acts of what in essence was one act and thereafter compounding that error by sentencing him as for two separate acts, with those sentences to be served consecutively.

The substantive aspect of the double jeopardy principle prohibits the conviction and sentencing of an accused for more than one crime if they were the same as a matter of fact and as a matter of

law. *Haynes v. State,* 249 Ga. 119, 120 (2) (288 SE2d 185). Thus under the allegations, the state sought to prove that the assault was aggravated by an intent to rob manifested by striking the victim in the head and attempting to open the cash register. At no time did the state seek to show that the weapon used was dangerous per se or that the injury inflicted was the intended purpose of the acts of the inflictor. Thus it was not the nature of the instrument used or the injury itself which resulted in a charge of an "aggravated assault." Rather the state characterized the assault as one aggravated by the intent to rob and that intent was established by showing a striking of the victim in the head and seeking to open the cash register. Though there was evidence that Griffin probably struck his victim as he was leaving and after he had abandoned his attempts to open the cash register (such evidence clearly would have supported a charge of aggravated assault by the use of a deadly weapon likely to cause death or great bodily harm), no evidence was adduced to show the nature of the weapon or an intent to cause bodily injury independent of an intent to rob. Nor was there any charge by the trial court in language appropriate to an assault aggravated by use of a deadly weapon or the use of an instrument likely to cause death or grievous bodily injury. Rather the charge of the court was consistent with the election by the state, an assault aggravated by the intent to commit a robbery. Under the constraints imposed by the offense charged and the facts adduced, the evidence established an unsuccessful attempt to commit a robbery whereby the fumbling robber struck his victim about the head, accomplished her submission in order to facilitate his intent to open the cash register and remove its contents, and struck her one last time in making good his escape. Thus under the particular charges and facts, we must conclude that the two crimes are the same as a matter of fact and as a matter of law. *State v. Estevez,* 232 Ga. 316, 319 (206 SE2d 475).

Though the state argued that there was evidence of a separate assault that occurred after the attempted robbery had been completed and thus constituted evidence of a separate aggravated assault, this argument is to no avail. Griffin was charged under a statute authorizing conviction upon proof of one or more of several modes of assault, i.e., with a deadly weapon, or with intent to commit murder, rape, or robbery. OCGA § 16-5-21 (Code Ann. § 26-1302). The state elected to charge and prove an assault aggravated by the intent to rob. The state thus was bound by its election. To expose Griffin to conviction of another form of assault than that alleged would be to countenance a material variance between the allegata and the probata, a result that has been prohibited and condemned by this state. *Walker v. State,* 146 Ga. App. 237, 239-243 (246 SE2d 206).

Though the trial court took the motion to dismiss under advisement pending the receipt of evidence, once the evidence had established the crime as assault aggravated by the intent to rob, the trial court then erred in refusing to consider whether one of the offenses might have been less serious in nature or alternatively requiring the state to choose its theory. That error was then compounded by the sentence imposed on both aspects of the merged offenses. Accordingly, while we find no error which affects the jury's verdict, we reverse as to the sentence and remand for reconsideration by the trial court for action as to sentencing not inconsistent with this opinion.

*Judgment affirmed in part, reversed as to sentence only, and remanded. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 1, 1983.

*Richard D. Phillips,* for appellant.
*Dupont K. Cheney, District Attorney, Charles P. Rose, Jr., Assistant District Attorney,* for appellee.