## 68676. GRIFFIN v. THE STATE.
### (322 SE2d 295)

BIRDSONG, Judge.

Gregory A. Griffin was convicted of aggravated assault with intent to rob and criminal attempt to commit a robbery. He was sentenced to serve ten years for the aggravated assault and five years for the criminal attempt, the sentences to be served consecutively. This court, on appeal of these convictions and sentences, determined that the crimes, as alleged and proved, merged and the trial court erred in sentencing Griffin for both offenses. We affirmed the verdict of guilty but remanded for a new sentencing. *Griffin v. State*, 168 Ga. App. 696 (310 SE2d 278). On remittitur for resentencing, the trial court imposed a sentence of ten years for the aggravated assault only. Griffin now brings this his second appeal contending the trial court erred in the resentencing in that the resentencing occurred after the term in which the conviction occurred. He urges that there was a modification of the sentence as originally imposed in that the new ten-year sentence was ordered to run consecutively to a probated sentence imposed in 1978 which was subsequently revoked based upon the conviction in the present case. *Held*:

Griffin argues that once he began serving his sentence as originally imposed, it could not be increased in severity (*Stephens v. State*, 245 Ga. 835 (268 SE2d 330)). He submits that the original sen-

tence contained no provision that on revocation of the probated sentence for conviction of the present crime the revoked sentence would be served before service of the subsequently imposed sentence. Citing OCGA § 17-10-1, Griffin maintains the trial court exceeded its authority by modifying or changing the sentence as originally imposed. See *Mauldin v. State*, 139 Ga. App. 13 (227 SE2d 862).

We find no merit in this enumeration and its supporting argument. On May 18, 1982, Griffin's 1978 probated sentence was revoked, and he was ordered to serve the balance of the 1978 sentence (three years and twelve days). On the same day, May 18, 1982, the original sentence in this case was assessed by the trial court. As to the aggravated assault, the court sentenced Griffin to a full term of ten years, such sentence to run consecutively to the time revoked in Tattnall County Indictment No. 78-13 (the 1978 probated sentence in question).

Inasmuch as we held that the sentence imposed on May 18, 1982, was improper because the two charged crimes merged, it follows that the sentence was void. *McCranie v. State*, 157 Ga. App. 110, 111 (276 SE2d 263). A void sentence may be modified in a subsequent term of court without violating OCGA § 17-10-1, and a new valid sentence can be imposed by the trial judge at any time. *Reynolds v. State*, 132 Ga. App. 89 (1), 91 (207 SE2d 630). Inasmuch as the original sentence of ten years was assessed so as to run consecutively to the 1978 probated sentence as revoked, the trial court did not introduce any factor to modify or increase the sentence as originally imposed, even assuming that the original sentence retained vitality. The sentence as imposed upon remittitur was within legal limits, not invalid for any apparent reason, and thus gives no cause for further consideration.

*Judgment affirmed. Quilliam, P. J., and Carley, J., concur.*

Decided September 4, 1984 —
Rehearing denied September 20, 1984 ▬

*Richard D. Phillips*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.