#### 70894. ROWELL v. THE STATE.
(335 SE2d 689)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of armed robbery and one count of entering an automobile (with intent to commit a theft therein). *Held*:

1. Defendant's first two enumerations of error are not supported in his brief by citation of authority or argument. Therefore, they are deemed to have been abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia.

2. The State introduced into evidence a jacket "similar" to the jacket worn by the robber. The jacket was found near the abandoned getaway vehicle. A package of Kool cigarettes was found in the pocket

of the jacket. Defendant testified that he did not smoke Kool cigarettes. Following a recess the State was permitted to reopen rebuttal and introduced evidence which it announced was newly discovered. The State presented testimony that during defendant's incarceration prior to trial, he had purchased from the jail commissary "87 packs of Kools, 14 packs of Newports, 2 packs of Marlboro and 1 pack of Pall Malls."

Defendant moved to strike the testimony of the jail commissary officer and when this motion was denied, moved for mistrial. Defendant complains that the list of witnesses supplied on demand pursuant to OCGA § 17-7-110 did not include the commissary officer. Defendant also questions the State's announcement that the evidence was newly discovered. "Whether or not the evidence was newly discovered, the proper remedy by defense counsel would have been a motion for continuance and not to exclude the testimony. [Cits.] It is not error to allow a witness to testify whose name was not on the list of witnesses where that witness is called in rebuttal. [Cits.]" *Savage v. State*, 152 Ga. App. 392, 394 (4) (263 SE2d 218). See also *Hudgins v. State*, 153 Ga. App. 603 (4) (266 SE2d 284); *Gibby v. State*, 166 Ga. App. 413, 414 (2) (304 SE2d 518); and *Gibbons v. State*, 248 Ga. 858, 865 (286 SE2d 717). This enumeration is without merit.

3. Defendant enumerates as error the refusal of the trial court to give his requested charge on identification. "No longer is it necessary for the court to charge the exact language of the requested charge when the pertinent principles are covered. See *Ennis v. State*, 249 Ga. 222 (3), 223 (290 SE2d 50); *McCarty v. State*, 157 Ga. App. 336 (2), 337 (277 SE2d 259). As the legal principles covered in the request to charge were given we find no merit in this complaint." *Eidson v. State*, 167 Ga. App. 184, 185 (2) (305 SE2d 787). The trial court's charge on identity, taken from the Pattern Jury Instructions promulgated by the Council of Superior Court Judges, Criminal Jury Instructions I-31, p. 44, fairly and substantially covered the matter of the written request, therefore, it is not error to fail to give the instruction in the exact language of the request. *LaPan v. State*, 167 Ga. App. 250, 252 (2) (305 SE2d 858).

"Also, the trial court is not required to charge the jury on identification when, as in this case, the judge stressed the necessity for the offense charged to be proved beyond a reasonable doubt. *Knight v. State*, 133 Ga. App. 808 (212 SE2d 464) (1975); *Heard v. State*, 141 Ga. App. 666 (234 SE2d 83) (1977)." *Sapp v. State*, 155 Ga. App. 485, 486 (2) (271 SE2d 19). This enumeration is without merit.

4. The State's evidence shows that the defendant robbed both of the victims at gunpoint. From one of the victims defendant took her car keys which he used to enter her vehicle and take her wallet containing about $280. Defendant was identified by the victims and by a

motel security guard.

We have carefully reviewed the trial transcript and record and find that a rational trier of fact reasonably could find the defendant guilty beyond a reasonable doubt of the offenses charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Allen v. State*, 175 Ga. App. 108 (332 SE2d 321).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

Decided September 18, 1985 —
Rehearing denied October 2, 1985 — ▮▮▮▮▮▮▮▮

*Elsie Higgs Griner, Galen P. Alderman,* for appellant.
*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney,* for appellee.