## 71761. BOGAN v. THE STATE.
### (340 SE2d 256)

BIRDSONG, Presiding Judge.

The defendant, Gregory Bogan, appeals his conviction of the offenses of burglary, possession of burglary tools, and possession of firearms by a convicted felon. On the evening of December 31 and morning of January 1, 1985, the sporting goods shop of Valley Outdoors, in Fort Valley, Georgia, was burglarized and different weapons were

taken.

Charlie Rogers entered a plea of guilty to the burglary and testified for the state. He said he, the defendant, and Kenny Solomon came to Fort Valley from Perry, Georgia. Solomon used a sledge hammer to make a hole in the wall in the Valley Outdoors building. He was the lookout and Bogan stayed in the car. Because Solomon was making so much noise, Rogers left and went to the car where Bogan was waiting. When no police came, they returned to the store. Bogan went into the store and the burglar alarm went off. Everyone ran but when no police showed up, Bogan and Rogers returned to the store and Bogan went into the building and threw some rifles out. Rogers hid two of the rifles behind the courthouse. He saw Bogan hide three rifles. Rogers said neither he nor Bogan took any pistols. Bogan and Rogers returned to the car and located Solomon, who told them where he had hidden some pistols. They retrieved the pistols and then were arrested. Only Bogan, Solomon and himself were involved. There was no fourth person.

Sgt. Craig Gilchrist, along with Officers Bickley and Smith, of the Fort Valley Police department, responded to the burglar alarm and found a hole in the wall made by the burglars. They had seen a man in a pink shirt, carrying a brown paper bag, walking on Anderson Avenue. They started circling the area and found a car with a man in a pink shirt in the back seat of a car. The car was driving on the wrong side of the street. The officers stopped the car and asked the driver for his license. He did not have one. Officer Bickley looked into the car and saw "some handguns in the floorboard of the car." The defendants were arrested and a search of the car revealed a brown paper bag with several handguns. The handguns were identified by the owner of Valley Outdoors as some of those weapons taken from his store on January 1st.

Defendant Bogan denied his guilt and admitted that the sledge hammer found in his car was one he had borrowed "from somebody" because he does "odd jobs." He had driven to Fort Valley to "pick up a dude" and could not locate him. He saw Rogers and Solomon and picked them up. Rogers told him to stop at a red light and "another guy" got in his car with a sack. When the police stopped them, this "dude jumped out and ran." His name was "Red." He was not aware the store had been burglarized until the police found the weapons and the sledge hammer in his car. Solomon testified that he came to Fort Valley with Bogan "to party." They visited a couple of night clubs and then looked for Rogers. Solomon used the rest room at McDonald's and started walking down the street when Bogan came by in a car with Rogers. There was a sack on the floor when he got in. He told them they were "going to get caught or something. . . ." He was in the car for only a few minutes when the police arrested them. The

guns were in the car when he got in. Solomon testified there was no fourth person; Bogan was mistaken. Bogan brings this appeal. *Held*:

1. The defendant alleges error in the refusal of the trial court to sever the charge of possession of a firearm from the remaining charges. In *Head v. State*, 253 Ga. 429 (322 SE2d 228), the defendant was charged with the offenses of armed robbery and possession of a firearm by a convicted felon. The "only" evidence linking Head to the event was the testimony of the victim. The state introduced evidence of prior felony convictions, aggravated assault and armed robbery, to sustain their burden of proof on the possession of a firearm by a convicted felon. "There were no limitations imposed by the trial court as to the use to which the jury properly might put the evidence of prior convictions. . . ." Id. at 431. The Supreme Court reversed the conviction because they could not say "with certainty that Head's conviction for robbery was not unduly influenced by evidence of his prior criminal record." Id. However, in *Stone v. State*, 253 Ga. 433 (321 SE2d 723), a similar error did not require reversal because of the overwhelming evidence of guilt.

We find no error for two reasons. First, when the trial court admitted the evidence of the prior felony convictions, he instructed the jury of the limited purpose of the permissible use of the evidence. Again, in the charge to the jury after the close of the evidence, he also instructed the fact finders of the restricted use of the prior felony convictions. Hence, *Head*, supra, is distinguishable on its facts. Secondly, the evidence of guilt of the defendant is overwhelming, i.e., a co-accused testified as an eyewitness to the events, another co-defendant said Bogan was mistaken in his testimony, and a portion of the stolen goods was found in his car in the area where the burglary occurred.

2. It was not error for the trial court to refuse to charge the jury they could not convict the defendant of possession of a firearm by a convicted felon if they also convicted him of the burglary offense. The leading case on the question of what offenses an accused may be convicted and punished for multiple offenses arising from the same criminal conduct is *State v. Estevez*, 232 Ga. 316 (206 SE2d 475). Therein, the Supreme Court found that our code, OCGA §§ 16-1-6 and 16-1-7, "expanded the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions." Id. at 317. They found two restrictions: first, the limitation upon multiple prosecutions for crime arising from the same criminal conduct, and second, the limitation upon multiple convictions or punishment that could be imposed for such crimes. Here, we are not involved with multiple prosecutions. We are concerned with whether the state may convict and punish an accused for the offense of burglary and for unlawful possession of a firearm by a previously convicted felon, when the firearm

was taken in the burglary.

OCGA § 16-1-6 proscribes conviction of greater and lesser included offenses. It is clear that neither offense charged here is the lesser included of the other. Neither offense may be established by proof of the same or less than all the facts which establish the other offense, nor is a less culpable mental state required to establish the other offense. For example, it is not an element of burglary that the actor must have been convicted of a prior felony, which is required in the other offense. Neither is it an element of possession of a firearm by a convicted felon that he did, without authority, and with intent to commit a theft or felony, enter or remain within a dwelling, or other vehicle or structure enumerated in OCGA § 16-7-1. See *Sanford v. State*, 169 Ga. App. 769 (315 SE2d 281).

Hence, we turn to the test legislated for determination of whether these offenses are the "same conduct." OCGA § 16-1-7. There is a difference in the proscribed conduct of these offenses. Burglary deals with the unlawful intrusion into another's property with the specific intent to commit a theft or a felony. See *Ealey v. State*, 139 Ga. App. 604, 606 (229 SE2d 86). The prohibition of the receipt, possession, or transportation of a firearm by a convicted felon is covered by OCGA § 16-11-131. A lesser degree of culpability is not involved, for one of these crimes does not prohibit general conduct while the other prohibits specific conduct. *Estevez*, supra at 320. And, each crime has a distinctive element which distinguishes it from the other. *State v. Hightower*, 252 Ga. 220, 222 (312 SE2d 610). In the illegal possession of a firearm it must be proved that the accused was a convicted felon. In burglary, it must be proved that entry was made with intent to commit a theft or a felony. Nor do we find merger of these offenses. Although the Supreme Court has held that an accused cannot be convicted of an armed robbery where the offensive weapon used to perpetrate the robbery is also the only fruit of the armed robbery (*Rivers v. State*, 250 Ga. 288, 293-294 (298 SE2d 10)), those facts do not pertain here. Admittedly, the weapons possessed or transported by Bogan were the fruit of the burglary, the burglary was complete before the rifles or pistols came into the possession of Bogan. Further, the possession and transportation of the pistols continued after the completion of the burglary. Thus, *Rivers* is distinguishable on its facts.

Under the test of *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185), we do not find that the state "use[d] up all the evidence that the defendant committed one crime in establishing another crime. . . ." Evidence used to establish the burglary was not again used to establish the later crime of possession of a weapon by a convicted felon. Under each of the tests discussed above, we find the offenses charged were separate and distinct and there was no merger. See *Mc-*

*Gee v. State,* 173 Ga. App. 604 (3) (327 SE2d 566); *Smallwood v. State,* 166 Ga. App. 247 (1) (304 SE2d 95); *Coleman v. State,* 163 Ga. App. 173, 174 (293 SE2d 395). The court did not err in refusing to charge as requested.

3. The trial court properly charged the jury on the issue of flight. " ' " "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or *thereafter,* charged with or suspected of crime, is admissible against him upon his trial for committing it." " ' " *Bridges v. State,* 246 Ga. 323, 324 (271 SE2d 471). Hence, where a suspect leaves the scene of a crime, a jury question is presented as to whether the suspect left for an innocent reason or because of "consciousness of guilt." *Wynn v. State,* 152 Ga. App. 479, 480 (263 SE2d 258). Whether the accused fled, or whether his action in departing the scene of the crime was because of consciousness of guilt was properly left to the jury. *Sellers v. State,* 250 Ga. 37, 38 (295 SE2d 70).

4. Defendant complains of the court's charge on "criminal intent," arguing that it created an improper presumption and relieved the state of its burden of persuasion on essential elements to the offenses charged. The court charged, in part: "You may infer the defendant's intent from the surrounding circumstances. . . . You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. . . . It's reasonable to infer that a person ordinarily intends the natural and probable consequences of his knowing acts."

Preceding these charges, the jury had been instructed upon the presumption of innocence, the burden of proof upon the state to prove each essential element of the crimes charged in the indictment beyond reasonable doubt, the rule of reasonable doubt, that "intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt," and that a person "will not be presumed to act with criminal intent" but the jury may find such intent, or the absence thereof, upon consideration of the words, conduct, demeanor, motive, and other circumstances connected with the acts for which the accused is being prosecuted.

In the process of charging those portions complained of, the court repeatedly referred to the right of the jury to "infer" or draw an "inference," and also stated: "As I have said, it's entirely up to you to decide what facts to find from the evidence."

Our Supreme Court has emphasized their disapproval of the use of the phrase "the law presumes" in charging a jury. *Trenor v. State,* 252 Ga. 264, 265 (313 SE2d 482); *Williamson v. State,* 248 Ga. 47 (1c) (2) (281 SE2d 512). However, our trial judges continue to use and abuse the phrase. Now, the United States Supreme Court, in *Francis*

*v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), has held that a charge that "the acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted . . ." created a mandatory rebuttable presumption that shifted to the defendant, in violation of the Due Process Clause of the Fourteenth Amendment, the burden of persuasion on the element of intent. The addition of the charge that the presumption could be rebutted did not cure the error. Defendant cites *Francis* as authority for his claim of reversible error. We do not agree. Not only did the trial court not use the condemned phraseology, but emphasized the presumption of innocence of the defendant, that the burden was always upon the prosecution, and "intent" must be established by the state, beyond a reasonable doubt, and any "inference" to be drawn by the jurors was one "entirely up to you to decide . . . from the evidence." This enumeration is without merit.

5. Defendant enumerates as error the failure of the trial court to give several of his requested charges. Neither the record nor the transcript reflects that the requested charges were presented to the trial court or that a ruling thereon was obtained. The record reflects that a motion for new trial was made on the general grounds on February 27, 1985, and denied on March 28, 1985. Notice of appeal was filed on April 1, 1985. A "supplemental" record of written requests, which however shows no action by the trial court, was filed with the clerk of the trial court on November 20, 1985. The requested charges were forwarded to this court under separate cover as an "amended" record. An appellate court reviews allegations of error committed by the trial court, where properly presented for a ruling by the court. *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297). As there is no evidence that these issues were raised or a ruling obtained, we will not consider them on appeal. See *Hardison v. Haslam*, 250 Ga. 59, 61 (295 SE2d 830).

6. Viewing the evidence in the light favorable to the verdict, we find the evidence was sufficient to enable any rational trier of fact to find the existence of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1986.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Robin B. Odom, Assistant District Attorney*, for appellee.