73734. McCORD v. THE STATE.
(356 SE2d 689)

SOGNIER, Judge.

Appellant was convicted of mutiny in a penal institution and he appeals.

1. Appellant contends the trial court erred by not directing a verdict of acquittal sua sponte. Appellant made no motion for a directed verdict of acquittal, the trial court did not err by failing to direct a verdict sua sponte. Fletcher v. State, 159 Ga. App. 789, 790 (6) (285 SE2d 762) (1981); Williams v. State, 161 Ga. App. 400 (1) (288 SE2d 338) (1982).

2. Appellant contends the trial court erred by failing to charge the jury that the burden was on the State to prove each and every element of the offense charged. This contention is not supported by the transcript, which discloses that the court charged the jury: "The burden is on the State of Georgia to prove each and every element of the offense beyond a reasonable doubt." This court cannot consider factual representations in a brief which do not appear in the record. McCutchen v. State, 177 Ga. App. 719, 722 (3) (341 SE2d 260) (1986).

Appellant also contends that when the court recharged the jury on the difference between mutiny and battery, it gave the jury an incorrect statement of the law. Although appellant made no objection to the recharge, the record discloses that the court charged on the elements of the offense of mutiny in a penal institution and simple battery as set forth in OCGA §§ 16-10-54 and 16-5-23. In the absence of a request for a further charge, a charge substantially in the language of the Code is correct. Sullens v. State, 239 Ga. 766, 768 (5) (238 SE2d 864) (1977); Griffin v. State, 168 Ga. App. 696, 698 (3) (310 SE2d 278) (1983).

Judgment affirmed. McMurray, P. J., and Beasley, J., concur.

DECIDED APRIL 9, 1987.

Lloyd D. Murray, for appellant.
Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr.,

*Assistant District Attorney*, for appellee.