A89A1906. SMITH v. THE STATE.
(390 SE2d 304)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of three counts of selling cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The sole enumeration of error advanced by appellant's counsel relates to the trial court's failure to compel the State to disclose the identity of a confidential informant. The record shows that the participation of the confidential informant was limited solely to supplying the *name* of appellant *after* the officers had independently arranged and accomplished the purchases. Compare *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988). Thus, the officers' positive identification of appellant as the seller of the cocaine was based entirely upon their personal observations and not upon any information supplied by the confidential informant. Although the confidential informant was a witness to the sales, he was not the only witness. See *Ponder v. State*, 191 Ga. App. 346, 347 (381 SE2d 534) (1989). Compare *Jones v. State*, 192 Ga. App. 186 (384 SE2d 273) (1989); *Moore v. State*, supra. Appellant presented an alibi defense and offered witnesses in support thereof. Compare *Ponder v. State*, supra at 347; *Moore v. State*, supra. Under these circumstances, we find no error in the failure of the trial court to compel the disclosure of the identity of the confidential informant. "[T]he informant was not the only witness available to amplify or contradict the testimony of the police officer[s] or [appellant]." *Ponder v. State*, supra at 347.

2. Acting pro se, appellant seeks to have appellate consideration given to an additional issue which he asserts that his counsel has "categorically refused" to raise. Appellant has no right to simultaneous representation by counsel and self-representation. *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986). Accordingly, we will not consider the issue that appellant has himself raised on appeal.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 25, 1990.

*John S. Myers*, for appellant.
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill,*

*Deborah M. Perlis, Assistant District Attorneys,* for appellee.