A90A0474. COURSEY v. THE STATE.
(395 SE2d 574)

BEASLEY, Judge.

Defendant appeals his convictions of burglary, OCGA § 16-7-1, possession of a firearm by a convicted felon, OCGA § 16-11-131, financial transaction card theft, OCGA § 16-9-31, and giving a false name to a law enforcement officer, OCGA § 16-10-25.

1. Despite defendant's contention otherwise, the evidence was sufficient to authorize his conviction for burglary and firearm possession under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Defendant was identified by one of the occupants of the burglarized house as being immediately outside in the driveway after she discovered her home had been broken into. He was also identified as a perpetrator by a female companion who owned the car that he, the companion, and a codefendant fled in, pursued by the police. After wrecking the car, defendant and his codefendant fled on foot and were captured when found hiding behind a house. The car contained all the items missing from the burglarized house, including a 12-gauge shotgun. When searched defendant was found in possession of two stolen credit cards not in his name.

Although the shotgun was not in defendant's immediate possession, the evidence authorized a finding that defendant was a party to

the crime, OCGA §§ 16-2-20 and 16-2-21, and he and his codefendant were co-conspirators. The act of either was the act of the other and each is as fully responsible for the act of the other as if he had committed that act. *Smith v. State*, 142 Ga. App. 810, 811 (3) (237 SE2d 216) (1977); *Painter v. State*, 237 Ga. 30, 34 (226 SE2d 578) (1976). Regardless of which defendant actually took the shotgun, defendant, being responsible for his codefendant's act, was in possession of the firearm in violation of the penal provision. *Bogan v. State*, 177 Ga. App. 614, 616 (2) (340 SE2d 256) (1986); *Green v. State*, 187 Ga. App. 373, 374 (2) (370 SE2d 348) (1988).

2. The second enumeration of error is that the State failed to prove venue as to the financial transaction card theft.

The indictment brought in Gwinnett County alleged in counts three and four that defendant "did then and there unlawfully and knowingly obtain, without the consent of the cardholder" a described financial transaction card. The victim who lived in Union City, which is not in Gwinnett County, reported the two cards as stolen from her apartment. Defendant testified he found the two cards in a wallet which he came across in Union City. In his flight after the burglary defendant crossed from Gwinnett County into DeKalb where he was arrested. It was there he was found to be in possession of the two cards. The cards were not utilized from the time they were reported stolen on Monday until defendant's capture on early Wednesday morning.

Under OCGA § 16-9-31 (b), "taking, obtaining, or withholding a financial transaction card without consent of the cardholder" is a criminal offense. There was proof that defendant withheld the cards in Gwinnett, see *Thomas v. State*, 176 Ga. App. 771 (337 SE2d 344) (1985), but defendant was charged only with unlawfully "obtaining" the cards.

While immaterial allegations in an indictment need not be established, the essential ones must be proved. *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969). Furthermore, where an offense may be committed in one of several ways and defendant is charged generally in the language of the Code he may be convicted upon a showing that the offense was committed in one of the ways set forth in the indictment. But when the charge is one specific method, then only proof that the offense was committed that way will sustain a verdict. Otherwise there is a fatal variance. *Walker v. State*, 146 Ga. App. 237, 244 (2) (246 SE2d 206) (1978); *Evans v. State*, 138 Ga. App. 620, 621 (1) (227 SE2d 448) (1976).

The State's election to indict defendant for committing an offense in a specified way bound it to prove that particular manner. *Griffin v. State*, 168 Ga. App. 696, 699 (4) (310 SE2d 278) (1983). The testimony showed that the cards were taken or obtained in a county

other than Gwinnett and there was no evidence that defendant obtained the credit cards in Gwinnett County.

Although slight evidence of venue is sufficient, *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988), there was none here. See *Miller v. State*, 174 Ga. App. 42, 44 (3) (329 SE2d 252) (1985). The convictions of financial transaction card theft must be reversed for insufficient evidence. *Bush v. Chappell*, 225 Ga. 659, 660 (2) (171 SE2d 128) (1969).

3. The next question is whether the trial court clearly charged the jury concerning its authority to convict one defendant and acquit the other.

An examination of the trial court's instructions reveals that the court did repeatedly charge distinctly that each was to be considered separately. Compare *Lanzo v. State*, 187 Ga. App. 616, 619 (4) (371 SE2d 119) (1988).

4. Defendant's assignment of error on the court's charge on flight is without merit. *Rozier v. State*, 259 Ga. 399, 401 (5) (383 SE2d 113) (1989).

5. After the filing of enumerations of error and brief by his counsel, defendant filed a pro se brief and included additional enumerations of error.

Neither our State Constitution, see Ga. Const. 1983, Art. I, Sec. I, Par. XII, nor the Federal Constitution provides defendant with a right to simultaneous representation by counsel and self-representation. *Smith v. State*, 194 Ga. App. 327 (390 SE2d 304) (1990); *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986). Thus, we do not consider those errors raised or arguments made by defendant himself. He is obliged to bring them to the attention of his counsel in a timely manner for counsel's consideration and incorporation in the enumerations of error and brief if counsel deems them worthy and appropriate.

The judgment must be reversed as to counts three and four, financial transaction card theft, and affirmed as to the remaining counts.

*Judgment affirmed in part and reversed in part. Carley, C. J., Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Deen, P. J., McMurray, P. J., and Pope, J., concur in part and dissent in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

While concurring fully with Divisions 1, 3, 4, and 5 of the majority opinion, I disagree with the reversal of the conviction for financial transaction card theft in Division 2. Specifically, I dispute the majority opinion's finding that the State had not proven venue.

At trial, it was never clearly stated in which county the appellant actually obtained the charge cards. Although the majority opinion

states that the appellant obtained the cards in Union City and that Union City is not in Gwinnett County, and defense counsel states that the location was Union City, Clayton County, the witnesses only testified that it was Union City. In either event, if the State were confined to proving the offense by showing the obtaining of the charge cards, venue was not shown to be proper in Gwinnett County.

However, I do not view the instant case to be one where the State elected to charge one form of financial transaction card theft, but proved at trial an alternate form of the offense. OCGA § 16-9-31 (a) provides four different ways a person may commit the offense of financial transaction card theft. OCGA § 16-9-31 (a) (1) is but one of those alternatives, and provides that the offense may be committed by taking, obtaining, or withholding a financial transaction card without the cardholder's consent. The gravamen of this subsection is that possession of a financial transaction card without the cardholder's consent is prohibited; this subsection does not clearly define separate and alternate types of financial transaction card theft. Compare *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978). Since it is undisputed that the State did show the appellant's unauthorized possession of the charge cards during the chase across Gwinnett County, venue was proven, and the appellant's conviction for financial transaction card theft should be affirmed.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this opinion.

DECIDED MAY 31, 1990 —
REHEARING DENIED JUNE 27, 1990 — CERT. APPLIED FOR.

*Michael M. White*, for appellant.
Rickey D. Coursey, *pro se.*
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.