## A93A0473. MIZE v. THE STATE.
(432 SE2d 621)

McMURRAY, Presiding Judge.

Defendant William Mark Mize and co-defendants Myra Jean Porter and Ricky Lane Williams were tried jointly before a jury and convicted of the arson of a house owned by co-defendant Porter. The verdict was entered on March 27, 1987, and defendant filed, pro se, a timely motion for new trial. Co-defendant Williams also filed a motion for new trial which was denied via an order entered July 5, 1989.

He then appealed in *Williams v. State*, 195 Ga. App. 376 (393 SE2d 506), and this Court entered the following account of the evidence adduced at trial: "Tim Summers, a fire investigator, testified that he examined the house after the fire and found 'pour patterns' from flammable liquids tattooed into the floor by the fire, and that he concluded there was more than one point of origin for the fire. The latter was confirmed by Thomas Beck, Assistant Fire Chief of the City of Commerce, who testified that the rear bedroom and the laundry room appeared to be separate points of origin of the fire.

"Terry Howard and Robert McGinley testified that on the night of the fire, they were in front of the Porter house on their way to visit a neighbor when they met a man carrying a paper bag who pointed a gun at them. They continued on to the neighbor's home, and turned and saw the man, later identified as [co-defendant Williams], enter the Porter home. When they had completed their visit, about 30 or 40 minutes later, Howard and McGinley saw [co-defendant Williams] running down the street toward a small green Ford automobile which picked him up. About 5 or 10 minutes later, Howard and McGinley noticed fire trucks going in the direction of the neighborhood they had just visited and followed them back to the scene of the fire. They both testified they saw [co-defendant] Porter, [defendant] Mize, and others arrive at the scene in Porter's car, a green Ford which they identified as the same car they had seen pick up [co-defendant Williams].

"Douglas McGinnis testified that he had pled guilty to the charge of conspiracy to commit arson stemming from the fire at the Porter house. He implicated [co-defendant] Porter, [defendant] Mize, and [co-defendant Williams] as having conspired to burn down the house, and testified that [co-defendant Williams] was brought in from Alabama to help [defendant] Mize. Pam Patrick, [co-defendant] Myra Jean Porter's sister, testified she was present when [co-defendant] Porter, [defendant] Mize, and McGinnis discussed their plan to burn the house, and [co-defendant Williams] was brought in because [defendant] Mize felt he could not do it alone. She and others, including [defendant] Mize, drove to Boaz, Alabama to get [co-defendant Williams] and bring him back to Georgia to assist [defendant] Mize. She testified that [defendant] Mize had told her he and [co-defendant Williams] had put flammable liquid in bottles and put rags in them and had thrown them through windows in the laundry room and the back bedroom." Id. at 377 (2).

Defendant's pro se motion for new trial was not considered until after the filing of an amended motion for new trial by defendant's court-appointed attorney in April 1992. Thereafter, the trial court considered the amended motion for new trial and, on August 3, 1992, entered an order denying the amended motion for new trial. This ap-

peal followed. *Held*:

1. In his first enumeration, defendant contends the trial court erred in failing to allow his attorney to cross-examine Pam Patrick, co-defendant Porter's sister, regarding criminal charges pending against the witness in Madison County, Georgia. This contention is not supported by the record. The trial transcript reveals that defense counsel was given full and fair opportunity to cross-examine Pam Patrick as to criminal charges pending against her in Madison County, Georgia.

2. Next, defendant contends the trial court erred in refusing evidence that co-indictee Doug McGinnis was involved in prior similar acts of arson, arguing that such evidence would have impeached McGinnis' testimony that he is not experienced in setting fires and that he played a minor role in the arson of the Porter house.[1] This contention is without merit.

First, the record does not show that the trial court limited defense counsel's cross-examination of McGinnis in the manner alleged. Second, defense counsel offered no proof at trial that McGinnis actually committed prior criminal acts of arson so as to be admissible for impeachment purposes. *McCarty v. State*, 139 Ga. App. 101 (1) (227 SE2d 898). Third, we find any such limitation upon cross-examination of McGinnis harmless as it is unlikely that the jury's verdict would have been influenced by testimony regarding the degree of McGinnis' involvement in the crime. See *Williams v. State*, 195 Ga. App. 376, 377 (2), 378, supra.

3. Defendant contends he was denied due process of law because of the delay in considering his motion for new trial.

The factors to be considered in determining a due process violation because of post-trial delay is "the '(l)ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' [*Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101)]." *Graham v. State*, 171 Ga. App. 242, 249 (7), 250 (319 SE2d 484). In the case sub judice, the delay in considering defendant's pro se motion for new trial was over five years, but the reason for the delay is not shown in the record. Nonetheless, it is undisputed that the delay was not caused by defendant and that defendant "tried repeatedly through various channels to obtain a hearing in this matter, including letters, petitions, and a Writ of Habeas Corpus." However, these circumstances alone do not demand reversal of defend-

---

[1] Doug McGinnis was indicted with defendant Mize and co-defendants Porter and Williams, but he entered a guilty plea prior to trial to a charge of conspiracy to commit arson. McGinnis testified at trial and implicated defendant Mize and co-defendants Porter and Williams in the conspiracy to commit arson. He also testified that he played a minor role in the conspiracy to commit arson and that he is not experienced in starting such fires.

ant's conviction as "[t]he mere passage of time is not enough . . . to constitute a denial of due process." *Hughes v. State*, 228 Ga. 593, 595 (1a) (187 SE2d 135).

" 'Unless it clearly appears that the delay . . . prevented the presentation of an adequate appeal or impaired a defense which would otherwise be available to an appellant where a new trial is ordered due to trial error, an appellant has not suffered the prejudice which turns a [post-trial] delay into a violation of due process of law." *Proffitt v. State*, 181 Ga. App. 564, 566 (3) (353 SE2d 61). In the case sub judice, defendant argues that he is prejudiced by incarceration during the post-trial delay. This argument is without merit. This Court refuses " 'to hold that post-conviction incarceration, in and of itself, is a violation of due process of law. . . . *Graham v. State*, 171 Ga. App. 242, 250 (7), supra." *Proffitt v. State*, 181 Ga. App. 564, 566 (3), 567, supra. Defendant also argues that he is prejudiced because memories of witnesses have faded and witnesses have vanished. This argument is also without merit as we find no basis for new trial requiring the presence of witnesses.

4. Defendant, on his own behalf, filed a supplemental enumeration of errors and brief when his appellate counsel filed an enumeration of errors and a brief.

" 'Neither our State Constitution, see Ga. Const. 1983, Art. I, Sec. I, Par. XII, nor the Federal Constitution provides defendant with a right to simultaneous representation by counsel and self-representation. *Smith v. State*, 194 Ga. App. 327 (390 SE2d 304) (1990); *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986). Thus, we do not consider those errors raised or arguments made by defendant himself. He is obligated to bring them to the attention of his counsel in a timely manner for counsel's consideration and incorporation in the enumerations of error and brief if counsel deems them worthy and appropriate.' *Coursey v. State*, 196 Ga. App. 135, 137 (5) (395 SE2d 574)." *Loden v. State*, 199 Ga. App. 683, 691 (10) (406 SE2d 103).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1993.

*Donna L. Avans*, for appellant.

*Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney*, for appellee.