## S93A1858. EAGLE v. THE STATE.
(440 SE2d 2)

FLETCHER, Justice.

Cedric Eagle was convicted of malice murder and sentenced to life imprisonment.[1] We affirm his conviction.

There is evidence that Eagle was hosting a gathering at his home on the night of the murder. Tommy Ford, the victim, arrived at Eagle's home and soon began arguing with several of the guests. Eagle told Ford to leave and when he did not, Eagle went inside, retrieved his shotgun, and fatally shot Ford.

1. Eagle claims the court erred by reopening the evidence in a hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) to determine the voluntariness of his statement and challenges the sufficiency of the evidence to support the court's finding that his statement to police was given voluntarily.

Eagle was arrested at the scene of the murder and transported to the police station where he gave a statement to police. At the *Jackson v. Denno* hearing, the prosecution offered the testimony of one of the two officers present when Eagle was interviewed and his statement given. The officer testified about the circumstances surrounding the

---

[1] The crime was committed on October 17, 1990. Eagle was indicted during the October 1990 term of the Laurens County Grand Jury and tried December 2-4, 1991. A motion for new trial was filed on January 3, 1992, and was denied on July 6, 1993. Eagle filed his notice of appeal on August 4, 1993. The appeal was docketed in this Court on August 26, 1993 and submitted for decision on briefs on October 26, 1993.

interview and to the fact that Eagle was informed of his *Miranda* rights and signed a written waiver of those rights. After arguments by the parties, the court stated that it wished to hear the testimony of the second officer present during the interview and reopened the evidence. The second officer's testimony was consistent with that of the first officer. Eagle presented no evidence during the hearing and only cross-examined the two officers concerning their lack of knowledge of the circumstances of his custody prior to the interview. Having heard the testimony of the only persons present during the interview, the court held that Eagle's custodial statement was freely given and that he voluntarily waived his *Miranda* rights without any hope of benefit or fear of injury.

Based on this evidence, we find it was within the court's discretion to reopen the evidence in order to ensure that its determination was correctly made under the totality of the circumstances. See *Page v. State*, 249 Ga. 648 (292 SE2d 850) (1982) (court possesses broad discretion to reopen the evidence at any stage of trial); *Pierce v. State*, 238 Ga. 126 (231 SE2d 744) (1977) (in order to make a fair determination of voluntariness, the court must consider the totality of the circumstances). Likewise, the court did not err in determining that the prosecution met its burden of proof without hearing testimony from the transporting officers. The transporting officers were not present when Eagle was interviewed or when he gave his statement. Absent any allegation that the transporting officers coerced or threatened Eagle into making the statement or took any action relevant to the circumstances surrounding the giving of the statement, the court's conclusion was not clearly erroneous and will not be disturbed on appeal. See *Carter v. State*, 257 Ga. 510, 513 (361 SE2d 175) (1987); *Davis v. State*, 255 Ga. 598, 607 (11) (340 SE2d 869) (1986).

2. During trial, in a nonresponsive answer to a question from the prosecution, one witness referred to a previous altercation between Eagle and the victim during which Eagle allegedly brandished a gun. Eagle objected to the witness' testimony as improper character evidence and moved for a mistrial. The court denied the motion and admonished the witness to be responsive to the prosecutor's questions. Eagle now complains that the court erred in denying his motion for mistrial. We find the witness' nonresponsive answer did not improperly place Eagle's character in issue and the court, in its broad discretion in ruling on motions for mistrial, properly denied the motion. See *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988) (a nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue); *Woods v. State*, 233 Ga. 495 (212 SE2d 322) (1975); *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982) (court's decision to deny a motion

for mistrial will not be overturned absent a manifest abuse of discretion).

3. At the conclusion of another witness' testimony, the judge inquired whether the witness was "on" Eagle's bond. Eagle objected and argued that the court's question prejudiced the jury against him. On appeal, Eagle argues that the court's inquiry violated OCGA § 17-8-57 which prohibits a judge from expressing or intimating to the jury "his opinion as to what has or has not been proved or as to the guilt of the accused."

It is a court's right, and oftentimes its duty, to question a witness in order to develop fully the truth of a case. *Thomas v. State*, 240 Ga. 393 (3) (242 SE2d 1) (1977); *Eubanks v. State*, 240 Ga. 544 (242 SE2d 41) (1978). The extent of questioning is largely within the discretion of the court provided the court does not violate § 17-8-57. Here, the court's inquiry addressed a relevant issue, the relationship between the witness and Eagle, and did not contain an expression or opinion on the evidence or Eagle's guilt.

4. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Eagle guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. In addition to the brief submitted by Eagle's appellate counsel, Eagle filed a pro se brief raising several additional claims. Since Eagle is represented by appellate counsel, the additional claims raised in Eagle's pro se brief will not be considered. Neither our State Constitution nor the Federal Constitution provide a defendant with a right to simultaneous representation by counsel and self-representation. *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986); *McKaskle v. Wiggins*, 465 U. S. 168, 183 (104 SC 944, 79 LE2d 122) (1984). See also *Simmons v. State*, 186 Ga. App. 886 (1) (369 SE2d 36) (1988); *Smith v. State*, 194 Ga. App. 327 (2) (390 SE2d 304) (1990); *Coursey v. State*, 196 Ga. App. 135, 137 (5) (395 SE2d 574) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994.

*Kathleen R. Kaye*, for appellant.
*Ralph M. Walke, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney*, for appellee.