29222. MUCKLE v. THE STATE.

Submitted September 20, 1974 — Decided December 3, 1974.

*Robert D. Peckham,* for appellant.
*Harry N. Gordon, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.

Grice, Chief Justice.

Jerry Muckle was convicted in the Superior Court of Clarke County for rape and sentenced to life imprisonment. His appeal questions only the evidence allowed at the presentence hearing.

The state was permitted to introduce the evidence which follows, over the objections of the appellant that it was not legally admissible evidence, and that prior notice had not been given him that it would be submitted.

An Associate Professor of the Vocational Counsel Training Program at the University of Georgia, a former instructor of the victim, testified that she had been a good student in his class prior to the commission of the crime, but that after the crime she was withdrawn in classes, and she later discontinued the course.

The husband of the victim testified that after the crime was committed, she changed from an outgoing, loving type of person to one who is withdrawn, scared, and more nervous; and that at times she breaks down and weeps for no known reason.

At the date of the conviction, May 20, 1974, the law in effect as to a presentence hearing was Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161). The pertinent language in this section on the

admissibility of evidence at such a hearing was as follows: "In such hearing, subject to the laws of evidence, the jury or judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas: Provided, however, that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible."

1. The only notice which the state gave the appellant in regard to the evidence to be submitted at the presentence hearing was the list of witnesses which was furnished to him prior to trial.

In *Gates v. State,* 229 Ga. 796 (4) (194 SE2d 412), this court held, in part, as follows: "The state contended that the appellant's attorney had 'been told' of prior convictions of the appellant prior to the trial but had not specifically informed appellant's counsel that this specific evidence of prior convictions would be relied on by the state and introduced in evidence at the sentencing phase of the trial. Appellant's counsel contended that the state had not put him on notice that the specific evidence offered would be used by the state during the sentencing phase of the trial. We believe that this statute means that notice of each specific conviction to be introduced in evidence by the state at the sentencing phase of the trial should be given to the party on trial or his attorney. And the fact that such notice was given should be clear and not cloudy, as in this case." A new trial was ordered on the issue of punishment.

In the present case the inclusion of the names of the presentence hearing witnesses on the list furnished the appellant of the witnesses who would testify against him on the trial did not comply with the requirement that the evidence in aggravation be "made known" to the appellant prior to his trial.

2. In considering the question of punishment to be given to a person convicted of a crime the judge or jury will, of course, consider the facts and circumstances of the crime as revealed by the evidence at the guilt or innocence phase of the trial.

There has been little case law in regard to the additional evidence that may be introduced at the presentence hearing in aggravation of punishment. The only evidence specified in the statute is that of prior criminal convictions, pleas of guilty, and pleas of nolo contendere. This specified evidence relates exclusively to the background of the convicted person.

There is nothing in the statute which indicates that the state may introduce testimony concerning the psychological effect of the crime on the victim between the date of the crime and the time of the trial. To allow the sentence imposed to be influenced by such evidence would mean that the severity of the punishment could depend on the emotional state of the unfortunate victim.

We hold that the evidence admitted at the presentence hearing in the present case was irrelevant and prejudicial, and requires the vacating of the appellant's sentence of life imprisonment.

The judgment of conviction is affirmed, but the case is remanded for another hearing on the question of sentence only. Under the Act of 1974 (Ga. L. 1974, p. 352), the rehearing and resentencing should be done by the court without the intervention of a jury. See *Cofer v. Hopper*, 233 Ga. 155 (4).

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur, except Hall, J., who dissents as to Division 2.*