S92A0259. SERMONS v. THE STATE.
(417 SE2d 144)

BELL, Justice.

This is an interlocutory appeal in a case in which the state seeks a death sentence. We address two issues: (1) the scope of permissible "victim impact" evidence, and (2) whether the defendant was entitled to a preliminary expert evaluation of hospital records to determine if the cause of one victim's death might legitimately be disputed.

1. We first address the scope of permissible "victim impact" evidence. Victim impact evidence has been defined as "simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question." *Payne v. Tennessee*, 501

---

U. S. ___ (111 SC 2597, 2608, 115 LE2d 720) (1991). The type of evidence offered as victim impact evidence may vary, and has included evidence of the personal characteristics of the victim and of the emotional impact of the crime on the victim's family, *Payne,* supra, 111 SC at 2604, as well as evidence of a victim's "family members' opinions and characterizations of the crimes and the defendant," *Booth v. Maryland,* 482 U. S. 496, 502 (107 SC 2529, 96 LE2d 440) (1987).

In the instant case, the state seeks to introduce evidence not only of the personal characteristics of the two *victims* and of the emotional impact of the crimes on the victims' families, but also of the emotional impact of the crimes on the *community* and of the *psychological* and *physical* impact of the crimes on the victims' families and *community.* All of this evidence is properly characterized as victim impact evidence. Sermons moved to prohibit the introduction of such evidence. The trial court denied the motion.

The state relies upon *Payne v. Tennessee,* supra, 111 SC, in support of its contention that its victim impact evidence is admissible. In *Payne,* the United States Supreme Court overruled much of both *Booth v. Maryland,* supra, 482 U. S., and *South Carolina v. Gathers,* 490 U. S. 805 (109 SC 2207, 104 LE2d 876) (1989). *Booth* and *Gathers* had relied on the Eighth Amendment to seriously restrict the use of victim impact evidence in death-penalty cases. Although *Payne* left undisturbed *Booth's* holding that the state could not use information or testimony concerning "a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence," *Payne,* supra, 111 SC at 2611, fn. 2,[1] the majority of the United States Supreme Court concluded that the Eighth Amendment does not erect a per se bar to evidence relating to the victim's personal characteristics and the emotional impact of the crime on the victim's family, *Payne,* supra, 111 SC at 2604, 2609. Moreover, we also agree with Justice O'Connor's assessment that the Eighth Amendment is not a per se bar to evidence of the impact of the crime or crimes on the community. *Payne,* supra, 111 SC at 2612 (O'Connor, J., concurring).

However, as the defendant argues, *Payne* does not *require* that victim impact evidence be admitted in death-penalty cases; it merely holds

> that if the State chooses to permit the admission of victim impact evidence . . . the Eighth Amendment erects no *per se* bar. [*Payne,* supra, 111 SC at 2609.]

---

[1] No evidence of this kind was introduced in *Payne.* The *Payne* Court therefore did not have to address *Booth's* holding that the Eighth Amendment barred such evidence.

The question to be answered, then, is the extent to which Georgia law permits the introduction of victim impact evidence.

In *Muckle v. State*, 233 Ga. 337, 338-339 (2) (211 SE2d 361) (1974), this Court reversed the sentence imposed in a rape case because the state had introduced testimony "concerning the psychological effect of the crime on the victim." We held that such evidence was not admissible as evidence in aggravation under (what is now codified as) OCGA § 17-10-2.[2] The *Muckle* rule is intended to avoid confusion and prejudicial digression in sentencing. Thus, although the facts of *Muckle* involved only psychological impact evidence, its rationale precludes the introduction of testimony at the sentencing trial for the specific purpose of demonstrating the personal characteristics of the victim and the psychological, emotional, and physical impact of the crime on the victims' families and community.

We emphasize, however, that *Muckle* does not preclude the state from introducing evidence that is admissible for purposes other than demonstrating victim impact if that evidence also incidentally conveys that the defendant's crime has had victim impact consequences.[3] For instance, at the guilt phase of the trial, some facts about the victims, including, possibly, some of their personal characteristics, will inevitably be developed, not only because the jurors must be provided "those details of context that allow them to understand what is being described," *Payne*, supra, 111 SC at 2617 (Souter, J., concurring), but also because evidence relating to the victims' character and personality may be probative of critical aspects of the trial — for example, the defendant's claim of self-defense or provocation. This type of evidence remains admissible at the guilt phase of the trial, and may be considered by the jury at the punishment phase.

2. After reviewing the medical evidence proffered by the defense, we conclude the trial court erred by denying the defendant's motion for preliminary expert review of hospital records to make a threshold determination of whether the cause of death as to one of the victims was likely to be a significant factor in his defense. See *Roseboro v. State*, 258 Ga. 39 (3) (365 SE2d 115) (1988).

*Judgment reversed. All the Justices concur.*

---

[2] Although *Muckle's* holding has been superseded in non-capital cases by the adoption of OCGA §§ 17-10-1.1 and 17-10-1.2, those statutes specifically exempt death-penalty cases from their scope. Accordingly, *Muckle* is still the law in death-penalty cases.

[3] See generally *Brown v. State*, 250 Ga. 862, 866-867 (5) (302 SE2d 347) (1983) (photograph showing mutilation of victim by autopsy generally is inadmissible because it may cause confusion and prejudice, but such a photograph is admissible if it shows material fact that becomes apparent because of autopsy).

DECIDED JUNE 25, 1992.

*Jack E. Boone, Jr., Benjamin A. Jackson, Stephen B. Bright, Barry J. Fisher,* for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.