## S92P1144. MOORE v. THE STATE.
### (427 SE2d 766)

BENHAM, Justice.

Appellant was sentenced to death after being convicted by a Floyd County jury of murder and theft.[1] The murder victim was a man with whom Moore was living temporarily. The State presented evidence that Moore used a hammer and sledgehammer to bludgeon the victim, then took four dollars from the victim's wallet, and stole the victim's car. Moore was arrested in Arizona three days later. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of murder and two counts of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Shortly after his arrest in Arizona, appellant gave a statement to Arizona law enforcement officers. Three weeks later, appellant gave a lengthier and more-detailed statement to Georgia officers who had driven to Arizona, at Moore's behest, to talk to him. Appellant now contends the trial court erred when it did not suppress the pretrial custodial statements.

Although Arizona counsel apparently had been furnished to Moore before he gave his second statement, the record clearly supports the trial court's finding that Moore himself initiated the questioning by Georgia law officers and that he waived his *Miranda* rights, including his right not to proceed without counsel present. *Ward v. State*, 262 Ga. 293 (9) (417 SE2d 130) (1992). Moore, however, contends that the Arizona law officers failed to obtain a clear *Miranda* waiver at his first interrogation and that not only should this statement have been suppressed because of the violation of the *Miranda* rules, see *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), but the second statement should also have been suppressed as a "fruit of the poisonous tree."

Although Moore was advised of his *Miranda* rights at his first interrogation and he stated that he understood them, it is a close question whether the record shows an affirmative waiver of those rights by Moore. See *Code v. State*, 234 Ga. 90 (IV) (214 SE2d 873) (1975). However, even if the trial court erred by concluding that there had been a valid *Miranda* waiver, it does not follow that the second statement was so "tainted" by the first that it, too, should have been excluded. As pointed out in *Oregon v. Elstad*, 470 U. S. 298 (105 SC 1285, 1292, 84 LE2d 222) (1985), the *Miranda* exclusionary rule

---

[1] The crimes occurred on March 22, 1991. Appellant was arrested on March 25, and indicted on April 30, 1991. The trial was held February 3-12, 1992. Appellant's motion for new trial, filed February 13, 1991, and amended April 22, 1992, was denied on April 27, 1992. Appellant filed a notice of appeal on May 26, and the case was docketed in this court on June 17. Oral argument was heard on September 15, 1992.

"sweeps more broadly than the Fifth Amendment itself." A statement presumptively "compelled" under the prophylactic *Miranda* rules is not "inherently tainted" so long as it satisfies the "due process voluntariness test." Id., 105 SC at 1292-1293. While such a statement is itself inadmissible in the prosecution's case-in-chief, a subsequent statement is not automatically rendered inadmissible under the "fruit of the poisonous tree" doctrine.

Because Moore's first statement clearly satisfies the "due process voluntariness test," it does not "taint" the second statement delivered over three weeks later, and the trial court did not err by denying the motion to exclude the later statement. Therefore, we need not decide whether the trial court erred by concluding that there was a valid *Miranda* waiver at the first interrogation. We conclude that any error in the admission of the first statement was harmless beyond a reasonable doubt. *Foster v. State*, 258 Ga. 736 (8) (374 SE2d 188) (1988).

2. Moore argues the prosecutor discriminated racially when he struck two of three black prospective jurors peremptorily. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The prosecutor explained at trial that he struck one juror because he had been arrested for aggravated assault and he had testified he was "against the death penalty" and had "strong reservations" about it. The prosecutor stated he had struck the other juror because he seemed less than certain he could impose a death sentence, and had answered his jury questionnaire untruthfully. The juror had stated in response to the questionnaire that neither he nor his family had been a victim of a crime; however, the prosecutor had prosecuted a case involving the juror's daughter as a victim of an aggravated assault.

Especially since the record shows that white jurors were struck for similar reasons, we conclude the prosecutor has successfully defended himself against appellant's *Batson* claim. *Davis v. State*, 263 Ga. 5 (10) (426 SE2d 844) (1993); *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992).

3. There was no error in the admission in evidence of color photographs or of clothing worn by the victim. *Moses v. State*, 245 Ga. 180 (6) (263 SE2d 916) (1980); *Todd v. State*, 261 Ga. 766 (9) (410 SE2d 725) (1991).

4. There was no error in the court's charge on felony murder. *Barbour v. State*, 21 Ga. App. 243 (1) (94 SE 272) (1917). Cf. *Zant v. Stephens*, 250 Ga. 97 (1) (297 SE2d 1) (1982).

5. Absent proof that Moore was denied effective assistance of counsel, attorney fees are not an issue on this appeal. *Moon v. State*, 258 Ga. 748 (6) (375 SE2d 442) (1986).

6. There was no improper limitation of defense voir dire. *Blankenship v. State*, 258 Ga. 43 (6) (365 SE2d 265) (1988).

7. Evidence was presented at the sentencing phase concerning

statements Moore made to law officers returning him to Georgia from Arizona about an earlier motor vehicle theft, which, like the one on trial, involved an aggravated assault. Moore argues that since he was not charged with or convicted of aggravated assault in connection with the earlier auto theft, testimony about the assault should have been excluded.

The assault was a circumstance of the commission of the prior motor vehicle theft (for which Moore *was* convicted). Moreover, as the state argued at trial, Moore's statements about these offenses explain "how he can just block out something when he is doing a crime and not think about it afterward." Evidence about a defendant's attitudes concerning his crimes is admissible in aggravation. *Fair v. State*, 245 Ga. 868 (4) (268 SE2d 316) (1980). Moore's statements were properly admitted. *Frazier v. State*, 257 Ga. 690 (21) (362 SE2d 351) (1987).

8. At the sentencing phase of the trial, the state offered the testimony of the victim's mother, over Moore's objection, for the specific purpose of demonstrating the personal characteristics of the victim and the psychological, emotional and physical impact of the crime on the victim's family.

Moore contends this kind of testimony is not admissible in aggravation in a death-penalty case, citing *Sermons v. State*, 262 Ga. 286 (1) (417 SE2d 144) (1992). We agree. Although *Sermons* was decided after Moore's case was tried, *Sermons* relied on what has been the law of this state at least since 1974 to exclude the kind of "victim-impact" testimony at issue here.

Defense complaints about alleged "victim-impact" testimony have been numerous ever since the U. S. Supreme Court seriously restricted the use of victim-impact evidence in *Booth v. Maryland*, 482 U. S. 496 (107 SC 2529, 96 LE2d 440) (1987) and *South Carolina v. Gathers*, 490 U. S. 805 (109 SC 2207, 104 LE2d 876) (1989). As we explained, however, even before *Booth* and *Gathers* were overruled in *Payne v. Tennessee*, 501 U. S. ___ (111 SC 2597, 115 LE2d 720) (1991):

> [While] the prosecution may not introduce in aggravation a "victim impact statement" setting forth in detail the impact of the crime on the victim's family. . . . The fact that there is a victim, and facts about the victim *properly developed* during the course of the trial, are not so far outside the realm of "circumstances of the crime" that mere mention will always be problematic. [*Moon v. State*, 258 Ga. 748, 756 (16) (375 SE2d 442) (1988) (quoting from *Brooks v. Kemp*, 762 F2d 1383, 1409 (11th Cir. 1985)).]

See also *Holiday v. State*, 258 Ga. 393 (11 (f)) (369 SE2d 241) (1988); *Kinsman v. State*, 259 Ga. 89 (10) (376 SE2d 845) (1989); *Potts v. State*, 259 Ga. 96, 104 (23) (376 SE2d 851) (1989). These cases are consistent with *Sermons*. In none of these cases did we approve the admission of victim-impact-specific testimony of the kind introduced in this case. Nor did we in *Ward v. State*, supra; *Todd v. State*, 261 Ga. 766 (4) (410 SE2d 725) (1991);[2] or *Potts v. State*, 261 Ga. 716 (22) (410 SE2d 89) (1991) — cases that we decided after *Payne*, but that were tried before *Payne* was decided (and therefore while *Booth* and *Gathers* were still the law of the land).

Although the issue of the admission of victim-impact-specific testimony may not have been explicitly addressed before *Sermons*, we have never approved of or allowed it.[3] The prosecutor in this case nevertheless declined to seek pretrial approval of the use of such evidence via interim appellate review, see OCGA §§ 17-10-35.1 and 17-10-35.2, as did the prosecutor in *Sermons*. Instead, he elected to introduce at the sentencing phase of this trial victim-impact evidence of a kind never before approved by this court. Reversal of the sentence is mandated by our decision in *Sermons*.

9. Since the evidence supports the statutory aggravating circumstances found by the jury, OCGA § 17-10-35 (c) (2), the State may again seek a death sentence. *Crawford v. State*, 256 Ga. 57 (344 SE2d 215) (1986).

*Judgment of conviction affirmed. Sentence vacated and case remanded for re-sentencing. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED MARCH 8, 1993.

*James R. McKay, William H. Newton III,* for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.

---

[2] In *Todd*, the defendant challenged the admission of certain "victim-impact" evidence on Eighth Amendment grounds. See *Booth v. Maryland*, supra. Our holding in *Todd*, which recognized that the U. S. Supreme Court had overruled *Booth* in *Payne v. Tennessee*, supra, is limited to the constitutional challenge raised therein.

[3] Our explanations of the scope of evidence in aggravation have never included as permissible evidence in aggravation testimony about the personal characteristics of the victim or the psychological, emotional and physical impact of the crime on the victim's family. See, e.g., *Fair v. State*, supra, 245 Ga. at 873-874; *Ford v. State*, 257 Ga. 461 (1) (360 SE2d 258) (1987).