## A96A1776. PRICE v. THE STATE.
(478 SE2d 915)

Judge Harold R. Banke.

Dexter E. Price was convicted of possession of cocaine with intent to distribute. Following the denial of his motion for new trial, Price enumerates seven errors.

Based on an informant's tip, the Decatur County Sheriff's Office organized a surveillance team to intercept Price's co-defendant, Willie Buggs, who was reportedly bringing a large quantity of cocaine from Florida and driving "a yellow or beige-colored, older model Chevrolet Impala with an Alabama tag." While on stake-out, Investigator Frank Green observed Buggs' vehicle traveling north from the Florida border. As Green watched the vehicle approach his position, it suddenly stopped and reversed direction. Green radioed the others that the vehicle was attempting to elude.

Buggs pulled into the driveway of an old house and he and his two passengers, Nathaniel Blocker and Price immediately exited the vehicle. Blocker, a co-defendant who ultimately pleaded guilty, testified that as they stopped, Buggs handed Price cocaine wrapped in a paper towel and instructed him to "Run, Dex, Run." Officer James Morris, the first to arrive at the driveway, intercepted both Buggs and Blocker. Despite being commanded by Morris to stop, Price ran out of view behind the house while clutching something in his hand. Within about 10 to 15 minutes, investigators discovered 29 pieces of cocaine wrapped in a paper towel on the ground located next to a child's toy under a little makeshift shed at the rear of the house. The paper towel had a blue oak leaf and red acorn design just like another paper towel later found during a search of Buggs' car. A microanalysis of the paper towel used to wrap the cocaine disclosed a hair fragment determined to be consistent with Negroid hair. Price and the other two defendants are black. In a voluntary custodial interview made less than two hours later, Price stated that when the vehicle stopped in the yard he was scared. He claimed that Willie [Buggs] passed him [the cocaine] and told him to jump out and he ran. Price and Buggs were tried and convicted together. *Held*:

1. We reject Price's contention that the trial court erred by not suppressing the cocaine seized and his custodial statement.

By running away from a vehicle suspected of being used to transport cocaine, carrying something in his hand, and attempting to avoid contact with police, Price's conduct created reasonable, articulable facts which at a minimum justified his detention. Compare *VonLinsowe v. State*, 213 Ga. App. 619, 621 (445 SE2d 371) (1994).

"A 'warrantless arrest' is constitutionally valid if at the time of the arrest the arresting officer has probable cause to believe the accused has committed or is committing the offense. (Cits.)" *Burnham v. State*, 265 Ga. 129, 130 (2) (453 SE2d 449) (1995). Here, the police observed Price's suspicious behavior as he ran away, found cocaine in the backyard where they had seen him flee, and noticed the paper towel wrapped around the cocaine matched the distinctive pattern of a similar paper towel found in Buggs' car. Thus, Price's post-arrest inculpatory statement to the police was not tainted by an illegal arrest and did not require suppression. See *Moore v. State*, 263 Ga. 11 (1) (427 SE2d 766) (1993). Nor did Price have a reasonable expectation of privacy or standing to contest the search of a yard belonging to a stranger. *Sanders v. State*, 181 Ga. App. 117, 118-119 (1) (351 SE2d 666) (1986).

2. Price contends that the trial court improperly restricted him from asking a prospective juror whether she wanted the prosecutor's side to prevail. To preserve an issue as to error in the conduct of voir dire, objection must be made in the trial court. *State v. Graham*, 246

Ga. 341, 343 (271 SE2d 627) (1980). Price's failure to object to the alleged error precludes appellate review. Id.

3. Price contends that the trial court erred by denying his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) after the State exercised four of four peremptory challenges against black veniremen.[1] See *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992). Despite this showing, the trial court summarily denied the motion finding the defense had failed to set forth a prima facie case under *Batson*. The fact that the State used 100 percent of its strikes against blacks suggested a prima facie case obligating the State to offer clear and reasonably specific explanations of legitimate reasons as to each strike. *Smith v. State*, 263 Ga. 224, 226 (4) (430 SE2d 579) (1993); *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987).

After the trial concluded and the court sentenced Price to 30 years imprisonment, it then permitted the State to articulate its reasons for each peremptory strike. The prosecutor asserted that two of the stricken jurors had personal relationships with members of Price's family and the transcript of voir dire supports this claim. The other two prospective jurors were purportedly stricken for reasons not elicited during voir dire. The prosecutor stated that three stolen vehicles were discovered in the body shop of one stricken juror; his son was caught driving a stolen car; and his brother had some connection with drug-related offenses. The prosecutor asserted that the other juror (#123) was from a family with a reputation for selling drugs and his brother had been banned from Decatur County for criminal conduct. At the conclusion of the State's proffer, the court found that the State had offered race-neutral reasons for the exercise of its peremptory challenges.

Unless a discriminatory intent is inherent in a proponent's explanation of a strike, the reason offered will be deemed race-neutral. *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699) (1995). See *Smith v. State*, 264 Ga. 449 (1) (448 SE2d 179) (1994).

The trial court had the opportunity to observe firsthand the four veniremen and to determine whether the State's explanations were race-neutral and lacking in discriminatory intent. *Trammel v. State*, 265 Ga. 156, 157 (2) (454 SE2d 501) (1995). After reviewing the transcript, and giving the trial court's finding great deference, we are not able to conclude that the trial court's determination was clearly erroneous. *Minor v. State*, 264 Ga. 195, 197 (5) (442 SE2d 754) (1994); *Sorrells v. State*, 218 Ga. App. 413, 414 (2) (461 SE2d 904) (1995).

---

[1] When making the *Batson* motion, counsel asserted that the State had used three of three strikes against black veniremen. Later, the record was corrected to show that the State used four of four strikes against blacks.

4. The trial court did not err in denying Price's motion for a directed verdict on the issue of in-court identification. Police photographed Price at the scene, arrested him on the spot, and took his statement less than two hours later. The issue of identity is a question of fact for jury determination and here, the evidence was sufficient to enable a rational trier of fact to find Price guilty of possession with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. The trial court did not err in admitting Price's redacted statement. Because both Price and his co-defendant Buggs made custodial statements and were being tried together, to prevent a problem under *Bruton*, the trial court admitted only redacted versions of their statements which omitted any inculpatory comments about each other. See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (holding the right of confrontation is violated when several co-defendants are tried jointly and a non-testifying defendant's confession is used to implicate another defendant). Examining both redacted statements, we find that Buggs' statement did not directly incriminate Price so as to trigger a *Bruton* violation. Having concluded that the redacted statement did not directly implicate Price, we need not determine whether it was highly prejudicial. *McDonald v. State*, 210 Ga. App. 689, 690 (2) (436 SE2d 811) (1993).

Nor do we find that a police officer's testimony which paraphrased Price's statement created a false impression concerning the extent of Price's involvement with the cocaine. The redacted statement disclosed that Price admitted that when the vehicle stopped in the yard, he [Price] "ran with the paper towel that contained cocaine." This version did not distort Price's actual statement that "Willie [co-defendant Buggs] passed it [the cocaine] to me and said jump out" and "[h]e advised [me] the cocaine was in the napkin." Moreover, Blocker, the other passenger who pleaded guilty, corroborated Price's redacted statement by testifying that Buggs reached in his pocket with his right hand, pulled out a balled up paper, gave it to Price and instructed him to run. In any event, given the overwhelming evidence of Price's guilt, the admission of the statement was harmless error. *Guimond v. State*, 259 Ga. 752, 755 (3) (386 SE2d 158) (1989).

6. The trial court did not err in denying a mistrial predicated on alleged prejudicial statements by the prosecutor. Although Price contends that the prosecutor improperly inflamed the jury by making reference to babies being kicked in the head and people being shot on subways due to drugs, he failed to support this argument with citation to the record. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (389 SE2d 251) (1989) (not this Court's function to cull the record on a party's behalf); Court of Appeals Rule 27 (c) (3) (i). Nor has Price

provided any citation to the transcript showing that he interposed an objection to the alleged remarks. Accordingly, there is nothing preserved for appellate review. *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994).

7. Price contends that the trial court erred in its charge on knowledge and improperly denied his requested charges on accident, accessory after the fact, and specific intent. We disagree. The trial court did not err by giving a charge on knowledge that did not explain or define "conspirator." Although the charge deviated slightly from the pattern charge on knowledge, the meaning of "conspirator" was clear in the context of the charges as a whole. See *Rhodes v. State*, 221 Ga. App. 792, 794 (5) (470 SE2d 790) (1996); *Rowell v. State*, 176 Ga. App. 309, 310 (3) (335 SE2d 689) (1985).

The trial court properly denied the requested charges on accident and accessory after the fact because these charges were not supported by the evidence. *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919) (1992); see *Moore v. State*, 240 Ga. 210, 211 (1) (240 SE2d 68) (1977). Nor was Price charged as an accessory under OCGA § 16-10-24. See *Martinez v. State*, 222 Ga. App. 497, 499-500 (2) (474 SE2d 708) (1996). The trial court also correctly rejected a requested charge necessitating that the State prove a "specific intent" to commit the crime of possession with intent to distribute. OCGA § 16-13-30 (b) contains no such requirement.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 4, 1996.

*Paul Fryer*, for appellant.
*J. Brown Moseley, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.