## A98A1203. GABBARD v. THE STATE.
### (503 SE2d 347)

ELDRIDGE, Judge.

A Hall County jury found appellant Blevy Buster Gabbard guilty of two counts of aggravated child molestation and four counts of child molestation. Without challenging the sufficiency of the evidence that supports his conviction, Gabbard appeals, enumerating seven alleged errors of law. We affirm.

1. First, Gabbard contends that the trial court erred in finding that his initial statement to Hall County Sheriff's investigator James Alexander was noncustodial and thus did not involve *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Prior to trial, a hearing was held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). Investigator Alexander testified that he received information from the mothers of the several victims regarding sexual acts that the children (ages four

---

[23] Supra at 50.

through six) reported Gabbard had perpetrated against them.

In response to this information, the investigator made arrangements to meet with the children and interview them. Three of the victims lived in Gabbard's house with their mother, her boyfriend (Gabbard's brother), and Gabbard. Accordingly, investigator Alexander went out to Gabbard's house "basically to see if he would be willing to go stay somewhere else for a little while, for a night or two, while we proceeded with the investigation." The officer testified that he had no intention of arresting Gabbard at this meeting; that he had not even talked to the children yet; and that it is not his practice to arrest a suspect before conducting an investigation into the allegations.

Once at Gabbard's house, the investigator and Gabbard talked out in the shade of Gabbard's yard. During the discussion, investigator Alexander asked Gabbard, "Buster, what's going on with these kids? You know, they've said some things." Gabbard replied, "Well, that boy [three-year-old victim Z. G.] got in bed with me and I woke up, he was trying to put my pecker up his butt and I told him to stop it, it was too big and it wouldn't fit." Investigator Alexander then arrested Gabbard for child molestation.

We do not find investigator Alexander's arrest of appellant unreasonable in light of appellant's statement which admitted essential elements of the offense. Nor do we find as error the trial court's assessment that Gabbard's statement was a voluntary, non-custodial statement which did not trigger the requirement that *Miranda* warnings be given. That Gabbard's statement provided sufficient probable cause to arrest him does not inversely show that Gabbard was under arrest *prior* to making the statement so as to trigger *Miranda*.

2. Next Gabbard specifically enumerates as error that "the trial court abused its discretion in allowing the State to lead witness [T. G.] over objection from defense counsel." However, the substance of Gabbard's argument differs from the stated enumeration. Gabbard argues that the child/victim's repeated assertions that she was "afraid" showed that she was "afraid" of Gabbard, which improperly put his character into evidence.[1] "Enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration." (Citation and punctuation omitted.) *Loyd v. State*, 202 Ga. App. 1, 2 (1) (c) (413 SE2d 222) (1991).

We have reviewed the transcript with regard to the alleged error as enumerated. No objection was raised as to the "leading" nature of the State's questions to the child/victim. Failure to object to an

---

[1] The transcript shows that the child/victim was "afraid" to testify and tell what had happened, not that she was afraid of Gabbard.

alleged error precludes appellate review. *Price v. State*, 223 Ga. App. 807, 809 (478 SE2d 915) (1996).

3. Next Gabbard contends that the trial court erred in allowing to go out with the jury anatomical drawings used to illustrate each child/victim's testimony. Gabbard contends that the trial court's ruling was made over a valid "continuing witness" objection.

"In Georgia the 'continuing witness' objection is based on the notion that *written* testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once." (Emphasis supplied.) *Tibbs v. Tibbs*, 257 Ga. 370, 371 (359 SE2d 674) (1987).

Here, the anatomical drawings in question are demonstrative evidence that serve only to *illustrate* testimony given by the witnesses. The drawings have no "testimonial" value in and of themselves. Thus, the drawings are not "written testimony," as are depositions, interrogatories, written confessions, written dying declarations, and other documents that have been held subject to a "continuing witness" objection. "The reason given for not allowing [written testimonial documents] to be delivered to the jury is, that the *testimony* which they contain, if read and reread by the jury, would have an unfair advantage over oral testimony of the other side, by speaking to the jury more than once." (Emphasis supplied.) *Shedden v. Stiles*, 121 Ga. 637, 640 (4) (49 SE 719) (1905).

Accordingly, we find that items of demonstrative evidence, such as the anatomical drawings herein, that are not in themselves testimony, but instead are "tools to explain" testimony given at trial, are not subject to a "continuing witness" objection. See *Parks v. State*, 199 Ga. App. 736, 738-739 (406 SE2d 229) (1991). There was no error.

4. Gabbard's remaining four enumerations of error each challenge an aspect of the trial court's charge to the jury. We have reviewed the jury charge in relation to the alleged errors and find Gabbard's contentions meritless.

Gabbard challenges State Requests to Charge Nos. 7, 8, and 9, which each informs the jury of factors that are *not* elements of the child molestation offenses against Gabbard, i.e., physical injury, the victim as clothed or unclothed, and consent. Thus, the trial court charged the jury that the State did *not* have to prove these factors. Gabbard's claim of error, however, is that "the State produced no evidence" as to these factors, and thus the jury charges were "not adjusted to the evidence." This contention misses the point. It is precisely because the State did not produce evidence as to these factors that it became relevant to charge the jury that the State was not

required to produce such evidence in order to warrant conviction.

Finally, Gabbard claims error in the trial court's charge to the jury that the State may prove that an offense was committed in any one of the ways *as alleged in the indictment*. Gabbard contends that since the indictment alleged each offense was committed in only one way, this charge was confusing. However, the charge is a correct statement of the law. See, e.g., *McGee v. State*, 205 Ga. App. 722, 724 (423 SE2d 666) (1992). Moreover, if the trial court charged the jury that the State must prove the crime in one of the ways alleged in the indictment, and the indictment alleged that the crime was committed in one way, then that was the way the State was required to prove the offense under the trial court's instruction. There was no charging error here.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 26, 1998.

*Germano, Kimmey & Cheatwood, C. David Turk III*, for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.