A08A2254. ACEVES v. THE STATE.
(675 SE2d 516)

BARNES, Judge.

Fernando Barrientos Aceves appeals his convictions for burglary, kidnapping, robbery, aggravated battery, rape, cruelty to children, and giving a false name. He contends his defense counsel was ineffective for not objecting to the prosecutor's argument about the certainty of the victim's identification of Aceves as the person who committed these crimes. Aceves contends this argument is prohibited by our Supreme Court's decision in *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005), which prohibits the trial courts from charging that the level of certainty of the identification is one of the factors that the jury could consider when deciding whether a witness's identification of the defendant was correct. Id. at 442.[1] We disagree and affirm.

Under our law,

[t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffec-

---

[1] In light of the scientifically-documented lack of correlation between a witness's certainty in his or her identification of someone as the perpetrator of a crime and the accuracy of that identification, and the critical importance of accurate jury instructions as "the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict," we can no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification. Accordingly, we advise trial courts to refrain from informing jurors they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification.
(Footnote omitted.)

tive assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). Whether an attorney's trial tactics are reasonable is a question of law, not fact. *Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993).

The transcript of the evidence shows that after the victim identified Aceves as the person who committed the crimes alleged in this case, the prosecutor asked: "Are you sure of that?" The victim responded, "Yes," and the prosecutor asked, "How are you sure?" The victim responded, "Because of his face and his hands." The victim testified that she would never forget Aceves's face and that his hands have "some spots or some burns"; some areas "are whiter than other parts of his arms." She saw his face and his hands when he attacked her.

Later, during closing argument, the prosecutor reminded the jury of the victim's testimony that she would never forget Aceves's face as long as she lived and that his hands were the hands of the man who touched her. The prosecutor then pointed out the factors that supported the victim's identification of Aceves, such as his skin color. Aceves has identified no other instance in the argument that supports his allegation that his defense counsel was ineffective because he did not "object to the State's arguing that the identification of the appellant was correct because the victim was 'sure,'" and it is not our duty to cull the record on his behalf. *Price v. State*, 223 Ga. App. 807, 810 (6) (478 SE2d 915) (1996); *Manderson &c., Inc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251) (1989). See Court of Appeals Rule 25 (a) (1). Assuming that reminding the jury of the victim's testimony is the equivalent of arguing the certainty of the victim's identification, we find no error. Our law does not "prohibit an identification witness from testifying about his or her level of certainty, or restrict the [S]tate from inquiring about the same." *Clark v. State*, 285 Ga. App. 182, 185 (4) (645 SE2d 671) (2007).

Moreover, jury instructions and argument are vastly different matters. Closing argument must be "derived from evidence properly before the factfinder," *Williams v. State*, 279 Ga. 600, 602 (2) (619 SE2d 649) (2005), and prosecutors and defense counsel are permitted

wide latitude in their closing arguments. *Spiller v. State*, 282 Ga. 351, 354 (3) (647 SE2d 64) (2007); *Cooper v. State*, 281 Ga. 760, 763 (4) (c) (642 SE2d 817) (2007). Indeed, "[t]he permissible scope of argument is vast: counsel may draw from the evidence properly before the factfinder 'any inference apparently reasonable and legitimate.' *Smalls v. State*, 105 Ga. 669 (hn. 3) (31 SE 571) (1898)." *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996). Jury instructions, on the other hand,

> are the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict. The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in a pending trial as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict.

(Citations and punctuation omitted.) *Chase v. State*, 277 Ga. 636, 639 (2) (592 SE2d 656) (2004). Consequently, what is precluded from being charged to the jury is not necessarily objectionable in the prosecutor's argument, and we do not find that *Brodes* prohibited the prosecutor from arguing as she did. Therefore, the prosecutor's argument was not subject to objection, and defense counsel was not ineffective for failing to object. At the motion for new trial hearing, Aceves's defense counsel testified that this was his understanding of the effect of *Brodes* and that he "wouldn't just object just to be objecting." "Failure to make a meritless objection cannot be evidence of ineffective assistance." *Hayes v. State*, 262 Ga. 881, 884 (3) (c) (426 SE2d 886) (1993).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 12, 2009.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.

