## A09A1441. ALLEN v. THE STATE.

(681 SE2d 243)

JOHNSON, Presiding Judge.

A jury found Melvin Allen guilty of armed robbery based on acts he committed inside a DeKalb County coffee shop. Allen appeals the trial court's denial of his motion for new trial, claiming that his trial counsel was ineffective in failing to examine the jurors or request a mistrial after several jurors witnessed Allen in a courthouse elevator while handcuffed and in the custody of several security personnel. Allen also claims that the trial court erred in allowing an identification witness to testify as to her level of certainty regarding her identification of Allen as the perpetrator. For the reasons that follow, we find no error and affirm.

1. At the hearing on the motion for new trial, Allen testified that during a lunch recess, one of the jurors saw him in custody as he was about to exit a courthouse elevator. Allen was accompanied by three courthouse officers at the time, he was wearing a suit, and he was handcuffed behind his back. After Allen reported the incident to his trial counsel, his counsel notified the trial court, and the court instructed the deputies to be more cautious. We note that during this incident, Allen was facing the juror and wearing the handcuffs behind his back, so it was not clear whether the juror knew Allen was restrained by handcuffs at the time.

Despite the trial court's instruction, a similar incident occurred the following day, when two jurors saw Allen in custody as he was about to exit the elevator. Allen reported the incident to his trial counsel, and his trial counsel asked the trial court to brief the deputies about security.

Allen claims that his counsel was ineffective in failing to

YALE LAW LIBRARY

(i) question the jurors about what they had seen or (ii) request a mistrial. In order to prevail on his claim of ineffective assistance, Allen must show both that counsel's performance was deficient and that the deficient performance "prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different."[1]

> The standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel . . . rendering reasonably effective assistance. In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy. Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight or result.[2]

First, we note that even had Allen's trial counsel requested a mistrial, a trial court is not required to grant a mistrial where jurors by chance see the defendant in handcuffs outside the courtroom.[3]

Allen's trial counsel testified that he did not seek to examine the jurors who had observed Allen in custody because he did not want to bring additional attention to the incidents. Trial counsel also testified that he did not request a mistrial because he did not think a mistrial was in Allen's best interest. At trial, only one of the state's witnesses had been able to positively identify Allen, and his trial counsel believed that the grant of a mistrial would allow the state the opportunity to secure additional identification witnesses in a subsequent trial. In addition, Allen's trial counsel had successfully prevented the state from presenting evidence of similar transactions, including one pending in Fulton County that could have resulted in an additional conviction on Allen's record by the time of retrial. We find that trial counsel has presented valid strategic reasons for his decisions not to examine the jurors or request a mistrial. As a result, the trial court did not clearly err in concluding that Allen received effective assistance of counsel.[4]

2. Allen also claims that the trial court erred in allowing an identification witness to testify that she was certain that Allen was the man who robbed her at the coffee shop. While it would have been error for the trial court to instruct the jury to consider the witness'

---

[1] *Wright v. State*, 285 Ga. 57, 61-62 (4) (673 SE2d 249) (2009).

[2] (Citations and punctuation omitted.) *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

[3] *Hood v. State*, 273 Ga. App. 430, 434 (2) (615 SE2d 244) (2005).

[4] See *Slade*, supra at 308 (2).

degree of certainty as a factor to be used in deciding the reliability of the identification,[5] the trial court did not make such a charge in this case. Georgia law does not prohibit an identification witness from testifying about his or her level of certainty or restrict the state from inquiring about the same.[6] As a result, this enumeration is without merit.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 8, 2009.

*Rodney A. Williams*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Deborah D. Wellborn, Assistant District Attorneys*, for appellee.

[5] See *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005).
[6] *Aceves v. State*, 296 Ga. App. 596, 597 (675 SE2d 516) (2009).