# Court of Appeals
# of the State of Georgia

ATLANTA, __December 07, 2016__

*The Court of Appeals hereby passes the following order:*

**A17A0679. MELVIN ALLEN v. THE STATE.**

In 2006, Melvin Allen was convicted of armed robbery. Following the denial of his motion for new trial, Allen appealed, but we affirmed his conviction. *Allen v. State*, 298 Ga. App. 807 (681 SE2d 243) (2009). In 2016, Allen filed a "Motion for New Trial Due to a Defective Indictment, Insufficient Evidence to Support the Charge, Ineffective Assistance of Trial Counsel." The trial court treated this pleading as an extraordinary motion for new trial[1] and denied it. Allen then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-35 (a) (7), appeals from the denial of an extraordinary motion for new trial must comply with the discretionary appeal procedure. *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). Allen's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this appeal, which is therefore DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__12/07/2016_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.

---

[1] "A motion for new trial is one made within 30 days of the entry of the judgment on the verdict, or entry of the judgment were the case was tried without a jury. An extraordinary motion for new trial is one made after the time for filing a motion for new trial has expired." *Dick v. State*, 248 Ga. 898, 899 (1) (287 SE2d 11) (1982) (punctuation and citation omitted).